### Hudnall and McCabe *against* McCarta.

JUDGE *White* delivered the opinion of the Court.

*On certiorari, judgment of Justice affirmed, 15 per cent. damages not allowable.*

In this case *McCarta* recovered a judgment against *Hudnall* before a Justice of the Peace. On the petition of *Hudnall* the proceedings were removed by certiorari into the County Court, and on the trial there the plaintiff had a verdict, and judgment was awarded against *Hudnall,* and *McCabe* his security in the bond for certiorari, for the amount of the verdict and fifteen per cent. damages on the amount of the judgment of the Justice. They here assign this matter as Error.

The only law which can be supposed to authorize such judgment is the Statute of 1822. (Laws Ala. 204.) This, by its letter, is confined to cases of *appeals* from Justices of the Peace, in which it shall be made to appear that the appeal was taken merely for delay. What was the object of this Statute ? Can its equity be extended so as to embrace the case under consideration? Public convenience requires that small matters shall be tried by Justices of the Peace. The spirit of our free institutions secures the right of trial by a Jury. To prevent the perversion of this privilege for the purposes of delay was, as we conceive, the sole object of the Statute referred to. It does not extend, and we believe that the Legislature did not design that it should extend, to cases of certiorari. A certiorari and supersedeas to the judgment of a Justice can be obtained only upon a shewing, verified by affidavit, and deemed sufficient by the Judge who may award it ; and we must suppose, either that the petitioner would perjure himself or that the Judge would err before this method of obtaining a trial in the County or Circuit Court could be perverted to the purposes of delay merely. We cannot, therefore, believe that cases of this nature are within the spirit of the Statute, and they are not within its letter. The judgment must be reversed, and the proper judgment rendered here.

*Coalter,* for plaintiffs.

*W. B. Martin,* for defendant in Error.